Case 2:07-cv-00994-RSM    Document 1    Filed 06/27/2007    Page 1 of 5



JUN 27 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

07 **CV 0 0 2 8 7**

# UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE, WASHINGTON

|  |  |  |
|---|---|---|
| HYUN SOOK KIM, | ) | CASE No. **C07- 994**M |
|  | ) |  |
| Petitioner, | ) | HON. _____ |
|  | ) |  |
| vs. | ) | HON. _____ |
|  | ) | MAGISTRATE JUDGE |
| DISTRICT DIRECTOR, | ) |  |
| CITIZENSHIP & IMMIGRATION | ) |  |
| SERVICES,DEP'T.OF HOMELAND | ) |  |
| SECURITY, | ) |  |
|  | ) |  |
| Respondent. | ) | 07-CV-00994-PET |

## _PETITION FOR WRIT OF HABEAS CORPUS_

COMES NOW petitioner HYUN SOOK KIM (hereinafter referred to as "petitioner" or "KIM"), by and through her attorney, GEORGE V. WARREN, and respectfully applying to this Court for the issuance of its writ of habeas corpus directed to respondent District Director of Citizenship and Immigration Services (hereinafter referred to as "CIS") of the Department of Homeland Security (hereinafter referred to as "DHS"), who is hereinafter referred to as "respondent," says as follows:

1

### *The Parties*

1.1.  The petitioner is a citizen of the Republic of Korea.  She is married to an American citizen.

1.2    The respondent is the District Director of Citizenship and Immigration Services of the United States Department of Homeland Security in Seattle, Washington.

### *Jurisdiction and Venue*

2.1    This petition for the writ of habeas corpus rests upon Art. I, sec. 9, para. 2 of the United States Constitution which reads: "The privilege of the writ of habeas corpus shall not be suspended, unless in cases of rebellion or invasion the public safety may require it."

2.2.    The statutory basis for issuance of the writ is found in 28 U.S.C. sec. 2241 *et seq.*

2.3    Petitioner is currently lodged in the McHenry County Jail in the State of Illinois pursuant to a warrant of deportation issued on the order of respondent for petitioner's departure from the United States on or about February 18th, 2004 through the then-INS Office in Spokane, Washington; at that time petitioner failed to appear for removal from the United States.  Several administrative proceedings have been pursued by petitioner through the Immigration Court of the Executive Office for Immigration Review (hereinafter referred to as "EOIR") of the United States Department of Justice (hereinafter referred to as "DOJ") and the Board of Immigration Appeals (hereinafter referred to as "BIA") of EOIR, each time

2

involving the respondent. Petitioner's alien registration number (A78 101 585) identifies the Seattle, WN. Office of the District Director as having petitioner's file. The May 7th, 2007 decision of BIA denying petitioner's motion to reopen her removal proceedings identified the Seattle Office of CIS as being involved in the administrative removal case before EOIR. Consequently, petitioner contends that venue is properly set in this Court.

### *Common elements.*

3.1    An in absentia order for petitioner's removal from the United States was issued by the Immigration Judge on March 14th, 2001. A copy of the various orders is attached. Relevant facts surrounding the background of petitioner's immigration case are set forth in the decision of the BIA of July 21st, 2006. Petitioner's motion to reopen her removal proceedings, filed on April 27th, 2007, was denied by order of BIA dated May 9th, 2007.

3.2    Following issuance of the May 9th, 2007 order from BIA, petitioner was and is being held under order of the Field Office Director of CIS in the McHenry County Jail in Woodstock, State of Illinois.

3.3    Petitioner has been married since April 28th, 2001 to Deuk H. Lee, a United States citizen.

### *Ground for Claimed Illegal Detention of Petitioner.*

4.1    Petitioner is being deported from the United States without having had a meaningful opportunity for an *in-person hearing*, assisted by competent or effective legal counsel, before an Immigration Judge in violation of the Fifth

Amendment of the United States Constitution.

4.2    Petitioner's motion to reopen her removal proceedings should have been granted by the BIA; under the circumstances in this case petitioner was defrauded and received ineffective assistance of counsel, and the BIA misapplied the principles from *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), *aff'd.* 857 F.2d 10 (1st Cir. 1988).

### *References Found in Accompanying Brief*

5.1    Petitioner supports this petition for the writ of habeas corpus with a Brief setting forth relevant facts and legal authorities

### *Relief Requested*

6.1    Petitioner by her counsel desires to have a hearing in this case to determine whether this Court shall issue the writ of habeas corpus directed to the respondent, requiring the presentation of legal authority by which petitioner is being detained currently and held for deportation from the United States without receiving an *in-person hearing*, while assisted by effective or competent counsel, before an Immigration Judge, which is mandated by the due process clause of the Fifth Amendment of the United States Constitution.

Dated: June 23, 2007

Respectfully submitted,

*George V. Warren* /s/
GEORGE V. WARREN
ATTORNEY AT LAW
(Of the Illinois and Michigan Bars)

4

<u>Office Address &
Telephones:</u>
9933 Lawler Ave., Ste. 402
Skokie, IL. 60077
(847) 329-9091
Fax: (847) 329-9093
***<u>Cell Phone: (517) 648-6228</u>***



JUN 27 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

## UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE, WASHINGTON

| | |
|---|---|
| HYUN SOOK KIM, | ) CASE NO. C07- 994M |
| | ) |
| Petitioner | ) |
| | ) HON. _____ |
| vs. | ) |
| | ) HON. _____ |
| DISTRICT DIRECTOR, | ) MAGISTRATE JUDGE |
| CITIZENSHIP & IMMIGRATION | ) |
| SERVICES, DEP'T. OF | ) |
| HOMELAND SECURITY, | ) |
| | ) |
| Respondent. | ) 07-CV-00994-BR |

### BRIEF OF COUNSEL SUPPORTING THE PETITION FOR A WRIT OF HABEAS CORPUS

COMES NOW petitioner HYUN SOOK KIM (hereinafter referred to as

"petitioner"), by and through her attorney, GEORGE V. WARREN, and respectfully

applying to this Court for the issuance of its writ of habeas corpus directed to respondent,

District Director of Citizenship and Immigration Services (hereinafter referred to as

"CIS") of the Department of Homeland Security (hereinafter referred to as "DHS"), who

1

is hereinafter referred to as "respondent," says in support of her petition by this Brief as

follows:

1.1    *Jurisdiction.* This petition for the writ of habeas corpus rests upon

Art. I, sec. 9, para. 2 of the United States Constitution which reads: "The privilege

of the writ of habeas corpus shall not be suspended, unless in cases of rebellion or

invasion the public safety may require it."

1.2    The statutory basis for issuance of the writ is found in 28 U.S.C. sec. 2241

*et seq.*

1.3    Before an alien is deported from the United States, she is entitled

due process of law pursuant to the Fifth Amendment of the United States

Constitution in her removal proceedings. *Reno* v *Flores*, 507 U.S. 292, 306

(1993). An essential element of due process in a removal proceeding is the right of

the alien to have a meaningful opportunity to be heard, *Logan* v *Zimmerman*

*Brush Co.*, 455 U.S. 422, 437 (1982), through competent or effective counsel,

*Chamakov* v *Blackman*, 266 F.3d 210 (3d Cir. 2001), and 8 C.F.R. sec. 287.3

(2002).

2.1    *Venue.* Petitioner is currently lodged in the McHenry County Jail in

Woodstock, State of Illinois pursuant to a warrant of deportation issued on the

order of respondent for petitioner's departure from the United States on or about

February 18th, 2004 through the then-INS Office in Spokane, Washington; at that

time petitioner failed to appear for removal from the United States.  Several

administrative proceedings have been pursued by petitioner through the

Immigration Court of the Executive Office for Immigration Review (hereinafter

referred to as "EOIR") of the United States Department of Justice (hereinafter

referred to as "DOJ") and the Board of Immigration Appeals (hereinafter referred

to as "BIA") of EOIR, each time involving the respondent. Petitioner's alien

registration number (A78 101 585) identifies the Seattle, WN. Office of

respondent District Director as having petitioner's file. The May 7th, 2007

decision of BIA denying petitioner's motion to reopen her removal proceedings

identified the Seattle Office of CIS as being involved in the administrative

removal case before EOIR. Consequently, petitioner contends that venue is

properly set in this Court.

3.1    ***Statement of Facts.***   Petitioner entered the United States at Nighthawk,

WN., on or about July 7th, 2001, without inspection, was arrested and confined for

weeks and was released on bond/parole, having been personally delivered a

Notice to Appear (hereinafter referred to as "NTA") for hearing on March 14,

2001.

3.2    In papers she filled with the Immigration Court of EOIR and with the

BIA of EOIR, petitioner claimed she was told by her female Korean language

interpreter (with whom she stayed briefly after her release from custody) and from

a court-appointed lawyer that she could leave Washington state and did not have

to attend the NTA hearing. Consequently, she went to the Chicagoland area,

where she had friends, did not appear for the NTA hearing and was ordered

removed from the United States in absentia. The removal order is attached.

3.3    Thereafter, being married, she sent monies to a lawyer or law firm in

Washington state to assist her with the removal matter, but nothing was done by

3

the lawyer or law firm which received her funds ($10,000 or more).  Her

Chicagoland lawyer applied for a work permit, social security number, I-130 and

adjustment of status form I-485 for petitioner, but these were denied when, at a

personal interview at the Chicago CIS office, petitioner, her husband and her

Chicagoland counsel first learned she had been ordered to be removed from

United States on March 14th, 2001.

3.4     A motion to reconsider removal was addressed, without success, to the

Seattle, WN. Immigration Court, but the removal order was not rescinded;

petitioner was ordered to appear for deportation.  Petitioner's appeal to the BIA of

EOIR resulted in a denial order, issued by BIA on June 21st, 2006.  An effort by

motion to get an Immigration Court rehearing was denied by BIA on May 9th,

2007.

3.5     Her present incarceration awaiting deportation followed.

4.1     *__Ground for Claimed Illegal Detention of Petitioner.__* Petitioner is being

deported from the United States without having had a meaningful opportunity for

an *in-person hearing*, assisted by competent or effective legal counsel, before an

Immigration Judge in violation of the Fifth Amendment of the United States

Constitution.

4.2     Petitioner's motion to reopen her removal proceedings should have been

granted by the BIA; under the circumstances in this case petitioner was defrauded

and received ineffective assistance of counsel, and the BIA misapplied the

principles from *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), *aff'd.* 857 F.2d

10 (1st Cir. 1988).

5.1     _**References.**_ Petitioner supports this petition for the writ of habeas corpus

with this Brief setting forth relevant facts and legal authorities. As in the case of

*Paul* v *INS*, 521 F.2d 194 (5th Cir. 1975), petitioner's right to effective assistance

of counsel as a component of due process of law was violated when her ". .

.representation . . .was so deficient as to impinge upon the fundamental fairness of

the hearing. . . ." Petitioner was improperly told she could leave Washington state

and not worry about the NTA hearing by her court-appointed counsel.  When she

spent considerable sums to hire a retainer lawyer or law firm, that lawyer or law

firm, apparently, defrauded her and did nothing. Competent counsel should have

acted otherwise to get her a meaningful hearing before the Immigration Court. **Cf.**

*Rubin* v *INS*, 41 F.3d 879, 882 (2nd Cir. 1994). BIA has held that an alien need not

show prejudice when counsel's incompetence has resulted in an entry of an in

absentia order of deportation or removal. *Matter of Rivera-Claros*, 21 I&N Dec.

599 (BIA 1996) and *Matter of Grijalva*, 21 I&N Dec. 472 (BIA 1966).

5.2     Courts have granted motions to reopen removal proceedings when an alien

has been defrauded and received ineffective assistance of counsel, *Valera* v *INS*,

204 F.3d 1237 (9th Cir. 2000), and despite numerical limitations, *Lopez* v *INS*, 184

F.3d 1097 (9th Cir. 1999).

5.3     The requirements of *Matter of Lozada*, *supra*, in dealing with motions to

reopen removal proceedings admit of some flexibility, *Lu* v *Ashcroft*, 259 F.3d

127 (3d Cir. 2001).  Rigid adherence to the *Lozada* requirements is unnecessary

where ineffective assistance of counsel is made out, *Rodriguez* v *Lariz*, 282 F.3d

1218 (9th Cir. 2002), and the purpose of the requirements can be achieved in some

other way. *Castillo-Perez* v *INS*, 212 F.3d 518 (9th Cir. 2000).

6.1    **_Relief Requested._** Petitioner by her counsel desires to have a hearing in

this case to determine whether this Court shall issue the writ of habeas corpus

directed to the respondent, requiring the presentation of legal authority by which

petitioner is being detained currently and held for deportation from the United

States without receiving an *in-person hearing,* while assisted by effective or

competent counsel, before an Immigration Judge, which is mandated by the due

process clause of the Fifth Amendment of the United States Constitution.

Dated: June 23, 2007                                    Respectfully submitted,

                                                        George V. Warren /s/
                                                        GEORGE V. WARREN
                                                        ATTORNEY AT LAW
                                                        (Of the Illinois and Michigan
                                                         Bars)
                                                        Office Address & Telephone:
                                                        9933 Lawler Ave., Ste. 402
                                                        Skokie, IL. 60077
                                                        (847) 329-9091
                                                        Fax: (847) 329-9093
                                                        *Cell: (517) 648-6228*

                                                                                        6



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Kim, Ik T.
515 E Golf Road Suite 202
Arlington Heights, IL  60005

**Office of the District Counsel/SEA**
**1000 Second Avenue, Suite 2900**
**Seattle, WA  98104**

Name: KIM, HYUN SOOK                                    A78-101-585

**Date of this notice: 05/09/2007**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
      PAULEY, ROGER

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:  A78 101 585 – Seattle

Date:  **MAY 0 9 2007**

In re:  HYUN SOOK KIM

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:    Ik T. Kim, Esquire

ON BEHALF OF DHS:        Gregory E. Fehlings
              Deputy Chief Counsel

APPLICATION:  Reopening

   The respondent moves to reopen the removal proceedings.  The Department of Homeland Security (DHS) opposes the motion.  The motion will be denied.

   The respondent filed her motion on April 27, 2007.  The DHS argues, inter alia, that the respondent's motion should be denied because it is untimely filed, and it fails to satisfy the exceptional circumstances requirement. We agree.  In the Board's last decision dated July 21, 2006, we comprehensively considered all relevant aspects of the respondent's case, and we dismissed the respondent's appeal from an Immigration Judge's decision to deny her motion to reopen.  We concluded that the respondent's prior motion to reopen was untimely, and she failed to establish exceptional circumstances for her failure to appear for the scheduled removal hearing.  The Board also determined that the respondent was not eligible for adjustment of status for a number of substantive reasons.  The respondent's instant motion is untimely, numerically barred, and, as the DHS points out, only alleges general hardship.  The Board has no authority to grant the respondent's motion on account of equitable or humanitarian grounds. *See Matter of H-M-V-*, 22 I&N Dec. 256 (BIA 1998); *Matter of Medina*, 19 I&N Dec. 734 (BIA 1988).  Accordingly, the motion will be denied.

   ORDER: The motion is denied.

_____
FOR THE BOARD

UNITED STATES DEPARTMENT OF JUSTICE

**Immigration and Naturalization Service**

101 W. CONGRESS PARKWAY
CHICAGO, IL 60605

File No. A78 101 585

Date: MARCH 19, 2007

Hyun Sook KIM
9906 Inverness

Champaign, IL 61822

As you know, following a hearing in your case you were found deportable and the hearing officer has entered an order of deportation. A review of your file indicates there is no administrative relief which may be extended to you, and it is now incumbent upon this Service to enforce your departure from the United States.

Arrangements have been made for your departure to _____KOREA_____ on
(country)

___APRIL 17, 2007___ from ___CHICAGO, ILLINOIS___ on the
(date)                           (port of departure)

___TO BE ARRANGED___
(name of vessel, airline, or other transportation)

You should report to a United States Immigration Officer at Room ___4000___
(No.)

___101 W. CONGRESS PARKWAY___ at ___10:45 AM TUESDAY 4/17/2007___
(address)                                          (hour and date)

completely ready for deportation. At the time of your departure from

___CHICAGO, ILLINOIS___ you will be limited to __44__ pounds of baggage.
(place of surrender)

Should you have personal effects in excess of this amount you must immedi-

ately contact ___DEPORTATION OFFICER___ at ___312 347-2400___, or
(name of officer)                              (phone no. and ext.)

call in person at the address noted above, and appropriate disposition of your

excess baggage will be discussed with you.

Very truly yours,

DEBORAH ACHIM
FIELD OFFICE DIRECTOR

Form I 166
(Rev. 4-1-69)

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Kim, Ik T.
515 E Golf Road Suite 202
Arlington Heights, IL 60005

**Office of the District Counsel/SEA**
**1000 Second Avenue, Suite 2900**
**Seattle, WA 98104**

Name: KIM, HYUN SOOK                    A78-101-585

<u>Date of this notice</u>: 07/21/2006

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Acting Chief Clerk

Enclosure

Panel Members:
    GRANT, EDWARD R.

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:  A78 101 585 - Seattle                    Date:

                                                            JUL 2 3 2007

In re: HYUN SOOK KIM

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Ik T. Kim, Esquire


   The respondent appeals from an Immigration Judge's October 27, 2005, decision denying her October 5, 2005, motion to reopen and rescind an in absentia order that was entered on March 14, 2001. We find that the Immigration Judge properly denied the motion.

   The record establishes that the Notice to Appear was personally served on the respondent and, since no notice of appearance was entered with the court on her behalf, notice of the March 14, 2001, hearing was properly sent directly to the respondent on November 29, 2000, at the address that she had recently provided upon her release from immigration custody on October 2, 2000. Therefore, the notice provisions of section 239(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229(a)(1) have been satisfied.

   Her motion attempts to cast the blame for her non-appearance on a then unnamed "court appointed attorney," who, according to present counsel's arguments in the motion, advised her to move to Chicago, and on another attorney, Young Choi, from "I.S.A." in Lynnwood, Washington. It is the Immigration Judge's denial of her motion, in the form it was filed with the Immigration Judge, that is before us for review.[1] That motion was not supported by an affidavit from the respondent and made no efforts to comply with *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988),

---

[1] To the extent that the respondent is seeking to present new evidence on appeal as support for her motion to reopen, this constitutes a second motion to reopen, which is number barred by section 240(c)(6)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(c)(6)(A) and 8 C.F.R. § § 1003.2(c), 1003.23(b).  *See Matter of Oparah*, 23 I&N Dec. 1 (BIA 2000) (a motion to remand submitted during the pendency of an appeal from an Immigration Judge's denial of a motion to reopen constitutes a second motion after an administratively final order and is number barred). Even if we were to consider the affidavit that the respondent has submitted on appeal, it does little to support her case. For example, it makes no acknowledgment of, or explanation for, her failure to inform the court of her move to Chicago after being personally served with the Notice to Appear advising of that obligation. Surprisingly, it alleges that she heard about the hearing for the first time in March 2001, which is due entirely to her own failure to comply with the Notice to Appear's change of address requirements. Since the Notice to Appear also clearly indicated the consequences for failing to appear at a scheduled hearing, the respondent's attempt to blame others for bad advice on this count is unavailing.

A78 101 585

*Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 824-25 (9th cir. 2003); *Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000); *Fajardo v. INS*, 300 F.3d 1018, 1020-21 (9th Cir. 2002).

As the Immigration Judge points out in his decision, there was no court appointed attorney, and the respondent's provision on appeal of a name for an attorney after allegedly and belatedly finding a business card does not establish that he was ever representing her in these immigration proceedings. We note that the respondent has not submitted a copy of this business card, nor any other information such as an address or telephone number, for the alleged "John C. Lerrys" to verify that he even exists. Her claim of ineffective assistance appears to be primarily directed to Mr. Choi and his firm, to whom she asserts she has paid $10,000. This very sum raises the specter of fraud if that amount was for representation of the respondent in these proceedings. However, without even an affidavit from the respondent, the motion failed to demonstrate what the terms of their agreement were, that Mr. Choi was, in fact, aware that she had a hearing scheduled on March 14, 2001, and whether he affirmatively advised her not to attend.[2] The motion was untimely filed and it failed to establish exceptional circumstances for her failure to appear. We therefore agree that the respondent's motion did not meet the rescission requirements of section 240(b)(5)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(5)(C).

The rescission requirements need not be satisfied in certain circumstances where the alien is pursuing an application for new relief and provided there is no evidence that the respondent received the required warnings under section 240(b)(7) of the Act. *See generally Matter of M-S-*, 22 I&N Dec. 349 (BIA 1998). Rather, the motion to reopen is then only subject to the regulatory requirements set forth at 8 C.F.R. §§ 3.2(c) and 3.23(b)(3). Based on the arguments in the motion, it appears that the respondent married while in these proceedings, and that she was advised at some point after the scheduled hearing to file for adjustment of status. Even if the respondent had established a basis for equitably tolling the 90-day time limit for filing a motion to seek the previously unavailable relief of adjustment of status, the motion fails both on jurisdictional grounds and the merits for the following reasons.

While this appeal was pending before the Board, amendments to the regulations regarding the availability of adjustment of status in removal proceedings for arriving aliens were promulgated. *See Eligibility of Arriving Aliens in Removal Proceedings To Apply for Adjustment of Status and Jurisdiction To Adjudicate Applications for Adjustment of Status*, 71 Fed. Reg. 27,585-592 (May 12, 2006).[3] The amended regulations clarify that an Immigration Judge does not have jurisdiction to adjudicate an application for adjustment of status filed by an arriving alien in removal proceedings except in a very limited circumstance, involving aliens who previously filed adjustment applications, departed and returned to the United States under advance parole, and were subsequently placed in removal proceedings. *See* 71 Fed. Reg. 27,585 at 27,591-92 (to be codified at 8 C.F.R.

---

[2]  The motion incorrectly refers to March 4, 2004, as the hearing date, apparently in reliance on a typographical error in a letter from Customs and Immigration Services regarding their inability to adjudicate her application.

[3]  The amendments are applicable to all cases pending administrative or judicial review on or after May 12, 2006. *See* 71 Fed. Reg. 27,585 at 27,588.

2

A78 101 585

§ 1245.2(a)(1)(ii)). Therefore, even if the respondent's removal order had not been entered in absentia, since she is an arriving alien and does not come within the narrow exception which would permit an Immigration Judge to consider an arriving alien's application for adjustment of status, reopening for purposes of applying for adjustment of status is not warranted in this case.

Further, even if reopening was not jurisdictionally barred under the new regulation, she is not eligible for section 245(i) adjustment because she has never been admitted and a visa petition was not filed on her behalf prior to the sunset of section 245(i). Additionally, she cannot prevail on this motion because there is no evidence that this petition has been approved and the motion is not supported by any evidence of the bona fides of the marriage as required under *Matter of Velarde*, 23 I&N Dec. 253 (BIA 2002).

The respondent has not satisfied either the rescission standards or the general motions' standards for reopening. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

_____
FOR THE BOARD

3

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Seattle, Washington

| | | |
|---|---|---|
| File No.: A 78 101 585 | ) | Oct. 26, 2005 |
| | ) | |
| In the Matter of: | ) | |
| Kim, Hyun | ) | IN REMOVAL PROCEEDINGS |
| | ) | |
| Respondent | ) | Before Immigration Judge |
| | ) | Kenneth Josephson |

CHARGE: PWA.

APPLICATION: Motion to Reopen In Absentia Order Entered on March 14, 2001.

ON BEHALF OF RESPONDENT:                    ON BEHALF OF DHS:
Ik Kim, Esq.

ORDER OF THE IMMIGRATION JUDGE

When Respondent failed to appear for her scheduled removal hearing of March 14, 2001, the IJ proceeded in her absence. Respondent's motion of Oct. 7 does not contain any declaration by any witness. Rather there is only a purported series of statements by counsel. Statements by counsel are not evidence. *Matter of Laureano, 19 I & N Dec. 1 (BIA 1983)*. Much of what counsel has written is incomprehensible. For example, he repeatedly speaks to "Respondent's court appointed attorney". This individual is not identified and at the time of Respondent being in proceedings, there was no entry of appearance by any lawyer. In any event, counsel seems to claim that someone told the respondent she need not come to court as directed in our hearing notice of Nov. 29, 2000, which scheduled the March 14 hearing. Respondent makes no claim that she did not receive the hearing notice nor is there any claim that she did not receive the NTA. Hence, she was clearly put on notice of her obligation to attend that hearing and the consequences thereof. We certainly do not have any statement from anyone that backs up counsel's claim that this individual told her not to attend the hearing. Even assuming that someone gave the respondent the advice not to come to court, *Singh-Bhathal v. INS, 170 F.3d 943 (9th Cir. 1999)* stands for the proposition that bad advice from someone who has not entered any appearance is not a basis to upset an in absentia order. Additionally, there is no compliance with the *Lozada* requirements not any explanation as to why. The motion is denied.

Kenneth Josephson

U.S. Department of Homeland Security
10 West Jackson Boulevard
Chicago, IL 60604



**U.S. Citizenship
and Immigration
Services**

Hyun Sook Kim-Lee
3906 Inverness
Champaign, IL. 61822

Attorney at Law
Ik T. Kim
515 East Golf Rd., Ste# 202
Arlington Heights, IL. 60005

A# 78101585

## NOTICE ON APPLICATION FOR PERMANENT RESIDENCE

Dear Mrs. Kim-Lee:

The District Director does not have jurisdiction to adjudicate your application for permanent residence. Service records indicate that on March 04, 2001, you were ordered removed from the United States by the Immigration Judge due to your illegal entry into the country. The Application of Adjustment of Status filed by you does not reflect information concerning your last entry into the United States. You failed to appear on February 18, 2004 at the INS Office of Spokane, Washington as notified, and therefore you never left the United States after receiving the Warrant of Deportation.   Your case must be reopened with the Executive Office for Immigration Review.   Therefore, pursuant to 8 C.F.R. 245.2(a), the Service does not have jurisdiction to adjudicate your application.

If you desire to pursue this application, you must follow all applicable procedures and regulations, including those relating to motions to reopen and applicable fees, of the Executive Office for Immigration Review, which has sole jurisdiction over this application.

Sincerely,

Michael Comfort
District Director

DHS:USCIS:EXAMS:VPIZZO:09/09/2005

# U.S. Department of Homeland Security

U.S. Citizenship and Immigration Services
10 W. Jackson Blvd.
Chicago, IL. 60604

### NOTICE OF APPROVAL OF RELATIVE IMMIGRANT VISA PETITION

NAME AND ADDRESS OF PETITIONER

Deuk H. Lee
7346 Harlem Apt. 1-W
Chicago, IL 60631

Cc: Attorney

| NAME OF BENEFICIARY | |
|---|---|
| Hyun Sook Kim | |
| CLASSIFICATION | FILE NO. |
| 201 (b) Spouse | A78101585 |
| DATE PETITION FILED | DATE OF APPROVAL |
| June 12, 2001 | September 9, 2005 |

Date:  September 9, 2005

Please be advised that approval of the petition confers upon the beneficiary an appropriate classification. The approval constitutes no assurance that the beneficiary will be found eligible for visa issuance, admission to the United States or adjustment to lawful permanent resident status. Eligibility for visa issuance is determined only when application therefor is made to a consular officer; eligibility for admission or adjustment is determined only when application therefor is made to an immigration officer.  Also, please note the items below which are indicated by "X" marks concerning this petition:

1. ☐   YOUR PETITION TO CLASSIFY THE BENEFICIARY AS AN IMMEDIATE RELATIVE OF A UNITED STATES CITIZEN HAS BEEN FORWARDED TO THE UNITED STATES CONSULATE AT _____ *SEE BELOW_____ , THIS COMPLETES ALL ACTION BY THIS SERVICE ON THE PETITION. THE UNITED STATES CONSULATE, WHICH IS UNDER THE SUPERVISION OF THE DEPARTMENT OF STATE, WILL ADVISE THE BENEFICIARY CONCERNING VISA ISSUANCE.  Inquiry concerning visa issuance should be addressed to the Consul. This service will be unable to answer any inquiry concerning visa issuance.

2. ☐   IF YOU BECOME NATURALIZED AS A CITIZEN OF THE UNITED STATES AND AN IMMIGRANT VISA HAS NOT YET BEEN ISSUED TO THE BENEFICIARY, NOTIFY THIS OFFICE IMMEDIATELY, GIVING THE DATE OF YOUR NATURALIZATION.  AT THE SAME TIME, IF THE PETITION WAS IN BEHALF OF YOUR SON OR DAUGHTER, ALSO ADVISE WHETHER THAT PERSON IS STILL UNMARRIED.  THIS INFORMATION MAY EXPEDITE THE ISSUANCE OF A VISA TO THE BENEFICIARY.

3. ☐   YOUR PETITION FOR PREFERENCE CLASSIFICATION, AS SHOWN ABOVE, HAS BEEN FORWARDED TO THE UNITED STATES CONSULATE AT _SEE REMARKS BELOW_____ . THIS COMPLETES ALL ACTION BY THIS SERVICE ON THE PETITION. THIS SERVICE HAS NOTHING TO DO WITH THE ACTUAL ISSUANCE OF VISAS. VISAS ARE ISSUED ONLY BY UNITED  STATES CONSULS WHO ARE UNDER THE JURISDICTION OF THE U.S. DEPARTMENT OF STATE. UNDER THE LAW ONLY A LIMITED NUMBER OF VISAS MAY BE ISSUED BY THAT DEPARTMENT DURING EACH YEAR AND THEY MUST BE ISSUED STRICTLY IN THE CHRONOLOGICAL ORDER IN WHICH PETITIONS WERE FILED FOR THE SAME CLASSIFICATION.  WHEN THE BENEFICIARY'S TURN IS REACHED ON THE VISA WAITING LIST.  THE UNITED STATES CONSUL WILL INFORM HIM AND CONSIDER ISSUANCE OF THE VISA. Inquiry concerning visa issuance should be addressed to the Consul.  This service will be unable to answer any inquiry concerning visa issuance.

4. ☐   THE PETITION STATES THAT THE BENEFICIARY IS IN THE UNITED STATES AND WILL APPLY TO BECOME A LAWFUL PERMANENT RESIDENT. THE ENCLOSED APPLICATION FOR THIS PURPOSE (FORM I-485) SHOULD BE COMPLETED AND SUBMITTED BY THE BENEFICIARY WITHIN 30 DAYS IN ACCORDANCE WITH THE INSTRUCTIONS CONTAINED THEREIN. (IF THE BENEFICIARY HAD PREVIOUSLY SUBMITTED FORM I-485 WHICH WAS RETURNED TO HIM, HE SHOULD RESUBMIT THAT FORM WITHIN 30 DAYS.

5. ☐   THE BENEFICIARY WILL BE INFORMED OF THE DECISION MADE ON HIS PENDING APPLICATION TO BECOME A LAWFUL PERMANENT RESIDENT (FORM I-485).

6. ☐   THE PETITION STATES THAT THE BENEFICIARY IS IN THE UNITED STATES AND WILL APPLY TO BECOME A LAWFUL PERMANENT RESIDENT.  HOWEVER, AN IMMIGRANT VISA NUMBER IS NOT PRESENTLY AVAILABLE. THEREFORE, THE BENEFICIARY MAY NOT APPLY TO BECOME A PERMANENT RESIDENT.

7. ☐   ORIGINAL DOCUMENTS SUBMITTED IN SUPPORT OF YOUR PETITION UNACCOMPANIED BY COPIES THEREOF HAVE BEEN MADE A PERMANENT PART OF THE PETITION.  ANY OTHERS ARE RETURNED HEREWITH.

8. ☒   REMARKS:  YOUR PETITION FOR AN ALIEN RELATIVE WAS APPROVED AND RETAINED IN THE SERVICE FILE.

VERY TRULY YOURS,

Michael Comfort,
DISTRICT DIRECTOR
DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP AND IMMIGRATION SERVICES

Form I-171-D

(Rev. 4-5-79)

U.S. Department of Homeland Security
10 West Jackson Boulevard
Chicago, IL 60604



**U.S. Citizenship
and Immigration
Services**

August 26, 2005

Alien Registration number: A# 78101585

Deuk Ho Lee
2503 W. Spring Field
Champaign, IL. 61821

CC: Attorney Jk T. Kim

*Please come to the shown below at the time and place indicated in connection with an official matter.*

| OFFICE LOCATION | U.S. CIS 230 S. Dearborn 23rd Floor Chicago, IL 60604 |
|---|---|
| DATE AND HOUR | Friday September 9, 2005   10:00 am |
| ASK FOR | Officer Pizzo |
| REASON FOR APPOINTMENT | I-130 Interview-MTR-Reschedule |
| BRING WITH YOU | Please bring this notice, photo ID, passport. – All immigration related documents as appears on your original appointment notice. |

**IT IS IMPORTANT THAT YOU KEEP THIS APPOINTMENT AND BRING THIS LETTER WITH YOU.**

If you are unable to do so, state your reason, sign below and return this letter to this office at once.

| I am unable to keep the appointment because: | |
|---|---|
| SIGNATURE | DATE: |

Very truly yours,

**Michael Comfort**
**District Director**

Form G-56
(Rev. 5-1-83) Y

Case 2:07-cv-00994-RSM     Document 2     Filed 06/27/2007     Page 18 of 20



**Immigration & Naturalization Service**
**10 West Jackson Boulevard**
**Chicago, Illinois 60604**

12/30/02

Hyun Kim
7346 N. Harlem., Apt. 1W
Chicago, IL 60631                                                    RE: 78101585

Dear Applicant,

We have received your application for lawful permanent residence in the United States. Your receipt date is 06/12/01. We currently have approximately 26months from receipt date to interview.
You will receive a notice for your fingerprints, and subsequently a letter for interview approximately two months prior to your appointment date. The appointment letter will advise you what is needed at the time of interview.
**FURTHER:**
A) If you applied as a family, all members of the family must be present at the interview.
B) If you are a diversity lottery winner, and do not receive an appointment for prints and interview one month after receipt of this letter, contact the office immediately, make a copy of this letter, and explain that you are a DV case and have not received your appointment for interview. Your adjustment must be completed before September 30th of the filing year.
C) If you are filing as a child, under 21 years of age, and will reach your 21st birthday before the normal backlog period is reached, please notify this office IMMEDIATELY, in order that the application can be processed timely.

If you have filed for a work authorization card, you will receive an appointment letter for the initial card within 90 days. If you choose to file for employment authorization at a later date, you must submit the Form I-765. Request for work authorization by mail. Employment Authorization will not be issued on a walk-in basis. Please send the completed I-765 with proper fee to the following address:
**U.S. Immigration and Naturalization Service**
**P.O. Box A3462, Chicago, Illinois 60690-3462**
**Attn: EAD**
Since you have an application for adjustment pending and need to travel outside of the United States, you must file form I-131. Permission to travel is not an automatic grant. If at the time you file the application for residency, you were out of status or illegally in the United States for 6 months or longer, advance parole WILL NOT BE GRANTED. If the application is filed and you are denied, the filing fee is not refundable.

If you do not fall into either category B or C, please do not inquire about the status of your application prior to the backlog period mentioned. It will only further delay the processing time. Any ADDRESS CHANGES should be mailed with a copy of this letter to U.S. INS, P.O. Box A3462, Chicago, Illinois 60690-3462.

Sincerely,

Brian R. Perryman
District Director

P/s Exhibit 2



**Immigration & Naturalization Service**
**10 West Jackson Boulevard**
**Chicago, Illinois 60604**

17.10681

10/19/01
A 78 101 585

HYUN KIM
7346 N HERLEM -1W
CHICAGO IL 60631

Dear Applicant,

We have received your application for lawful permanent residence in the United States. Your receipt date is **06/12/01**     . We currently have approximately 18 months from receipt date to interview.

You will receive a notice for your fingerprints, and subsequently a letter for interview approximately two months prior to your appointment date. The appointment letter will advise you what is needed at the time of interview.

**FURTHER:**

A) If you applied as a family, all members of the family must be present at the interview.

B) If you are a diversity lottery winner, and do not receive an appointment for prints and interview one month after receipt of this letter, contact the office immediately, make a copy of this letter, and explain that you are a DV case and have not received your appointment for interview. Your adjustment must be completed before September 30th of the filing year.

C) If you are filing as a child, under 21 years of age, and will reach your 21st birthday before the normal backlog period is reached, please notify this office IMMEDIATELY, in order that the application can be processed timely.

If you have filed a request for employment authorization you must appear in person at our office on 11/06/01 at 9:20AM. Bring this letter, your receipt of payment and personal identification. Please make every attempt to keep this appointment. **Please report to Booth 15 on the 2nd floor.** It is important to bring your driver's license/State I.D., passport, marriage license, if married, to establish identify. Also remember to bring the original Receipt (no copies) with you letter.

Since you have an application for adjustment pending and need to travel outside of the United States, you must file form I-131. Permission to travel is not an automatic grant. If at the time you file the application for residency, you were out of status or illegally in the United States for 6 months or longer, advance parole WILL NOT BE GRANTED. If the application is filed and you are denied, the filing fee is not refundable.

If you do not fall into either category B or C, please do not inquire about the status of your application prior to the backlog period mentioned. It will only further delay the processing time. Any ADDRESS CHANGES should be mailed with a copy of this letter to U.S. INS, P.O. Box A3462, Chicago, Illinois 60690-3462.

Sincerely

Brian R. Perryman
District Director

*P's Exhibit 1*

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
1000 SECOND AVE., SUITE 2500
SEATTLE, WA  98104

In the Matter of:                         Case No.: A78-101-585
KIM, HYUN SOOK
                                          Docket: SEATTLE, WASHINGTON
RESPONDENT
                                          IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

On Mar 14, 2001, at  2:30 P.M., pursuant to proper notice, the above
entitled matter was scheduled for a hearing before an Immigration Judge for the
purpose of hearing the merits relative to the respondent's request
for relief from removal.   However,

( X )   the respondent was not present.

(   )   the respondent's representative was present; however, the
        respondent was not present.

(   )   neither the respondent nor the respondent's representative was
        present.

Therefore, in the absence of any showing of good cause for the respondent's
failure to appear at the hearing concerning the request for relief, I find that
the respondent has abandoned any and all claim(s) for relief from removal.

Wherefore, the issue of removability having been resolved, it is HEREBY ORDERED
for the reasons set forth in the Immigration and Naturalization Service
charging document that the respondent be removed from the United States to
SOUTH KOREA.

                                          ANNA HO
                                          Immigration Judge
                                          Date:  Mar 14, 2001

Appeal:  waived/reserved  (A/I/B)
Appeal Due By:  Apr 13, 2001

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY:  MAIL (M)  PERSONAL SERVICE (P)
TO: [X] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [X] INS
DATE:     3/14/01      BY: COURT STAFF
        Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

Form EOIR 36 - 7T (FTA)
CDA

7